IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MICHELE T. WEISS,**

        **Plaintiff,**

v.                                                                                         CIV-05-0422 JCH/LAM

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

        **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION REGARDING AWARD OF ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(B)(1)[1]

**THIS MATTER** is before the Court on Plaintiff's *Motion for Order Authorizing Attorneys Fees Pursuant to 42 U.S.C. § 406(B)* (*Doc. 20*) filed on March 19, 2008. In support of her motion, Plaintiff filed a *Memorandum in Support of Motion for Order Authorizing Attorneys Fees Pursuant to 42 U.S.C. § 406(B)* (*Doc. 21*) (hereinafter "*Memorandum in Support of Motion*"). On April 4, 2008, Defendant filed *Defendant's Response to Plaintiff's Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b)* *(Doc. 22)* (hereinafter "*Response*"). On April 10, 2008, Plaintiff filed *Reply to Defendant[']s Response to Plaintiff's Motion for an Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(B)* *(Doc. 23)* (hereinafter "*Reply*").

---

[1]**Within ten (10) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

On September 19, 2005, the assigned United States District Judge referred this matter to the undersigned United States Magistrate Judge to submit proposed findings of fact and recommendations for the disposition of this case pursuant to 28 U.S.C. § 636(b)(1). *See Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals and Prisoner Cases (Doc. 7)*. Having considered the parties' submissions, relevant law, the record in this case, and being otherwise fully advised, the undersigned recommends, for the reasons set forth below, that Plaintiff's *Motion for Order Authorizing Attorneys Fees Pursuant to 42 U.S.C. § 406(B)* (*Doc. 20*) be **GRANTED**. If this recommendation is adopted, the undersigned also recommends that Plaintiff's counsel be ordered to refund to Plaintiff the $5,669.90 received under the Equal Access to Justice Act (hereinafter "EAJA").

1. Plaintiff filed this action on April 14, 2005, after receiving a final decision from the Social Security Administration (hereinafter "SSA") denying her claims for disability and disability insurance benefits, and social security income. *See Complaint (Doc. 1)*. On January 23, 2006, Defendant, by motion, asked this Court to remand Plaintiff's case "pursuant to the fourth sentence of 42 U.S.C. § 405(g)." *See Unopposed Motion to Reverse and Remand (Doc. 11)* at 1; *see also Memorandum in Support of Unopposed Motion to Reverse and Remand (Doc. 12)* at 1-2. On March 16, 2006, the undersigned granted Plaintiff's motion for attorney's fees pursuant to the EAJA in the amount of $5,669.90. *See Order Awarding Attorney Fees (Doc. 19)*.

2. Plaintiff received a favorable decision from the Commissioner of the SSA on January 4, 2007. *See Memorandum in Support of Motion (Doc. 21-2)* at Exhibit A. The Commissioner issued the Notice of Award on July 3, 2007, stating that Ms. Weiss' past-due benefits were $60,880.00, and that $15,220.00 was withheld from her past-due benefits to pay her lawyer.

*Id.* at Exhibit B, pages 9 of 19 and 11 of 19.  Plaintiff states that "counsel had requested a subsequent notice to confirm the amount being withheld by the Administration to cover attorney's fees," and that "[c]ounsel did not receive a corrected notice until March 9, 2008."  *See **Motion** (Doc. 20)* at 1.  The SSA sent Plaintiff's counsel a letter on March 9, 2008, stating that the Administration was holding $11,220.00 of the past-due benefits for possible payment for attorney's fees, and explaining that this amount was what was left "[a]fter paying the administrative fee of $4,000.00 (minus the user fee) pursuant to the fee agreement."  *See **Memorandum in Support of Motion** (Doc. 21-2)* at Exhibit D.

      3.      Plaintiff's counsel requests Section 406(b) fees in the amount of $11,000.00.  *See **Motion** (Doc. 20)* at 1, 2; ***Memorandum in Support of Motion** (Doc. 21)* at 10.  Defendant states in his ***Response*** that "[t]he Commissioner declines to assert a position on the reasonableness of Plaintiff's request, because the Commissioner is not the true party in interest."  *See **Response** (Doc. 22)* at 1 (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002) ("[T]he real parties in interest are their attorneys.").  Defendant states that "the district court is obligated to independently review § 406(b) requests to ensure that they satisfy the statutory requirement of yielding reasonable results in particular cases."  *See **Response** (Doc. 22)* at 1 (citing *Gisbrecht*, 535 U.S. at 807).

      4.      Section 406 (b)(1)(A) permits the Court to allow a reasonable fee to Plaintiff's counsel, not to exceed 25% of the past-due benefits awarded to the Plaintiff.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 795 (2002); *see also Frazier v. Apfel*, 240 F.3d 1284, 1286 (10th Cir. 2001).  The Court may reduce such attorney's fees where the attorney is responsible for delay, where the representation is substandard, or where "the benefits are large in comparison to the amount of time counsel spent on the case."  *See Gisbrecht*, 535 U.S. at 808 (citation omitted).  Defendant does

not contend, nor do I see any evidence, that Ms. Weiss' case was delayed, that her counsel's representation was substandard, nor that the requested fee outweighs the time counsel spent on this case.

     5.     To recover attorney's fees under Section 406(b)(1), Plaintiff's counsel has the burden of demonstrating that it is reasonable to seek the amount requested in return for the services rendered to Plaintiff. *See Gisbrecht*, 535 U.S. at 807. Counsel for Plaintiff, Michael D. Armstrong, supports his fee request by noting several factors. First, Mr. Armstrong states that he "devoted approximately 36.58 hours to the representation of Plaintiff in relation to the underlying Federal Court action," and that he "began representing Ms. Weiss in her case on November 3, 1998 and has stuck with Ms. Weiss through two administrative hearings and a prior federal court appeal." *See* **Memorandum in Support of Motion** *(Doc. 21)* at 4 and Exhibit C. Next, Mr. Armstrong notes that "Ms. Weiss' case involved knowledge of technical though well established legal issues at both steps two and five of the sequential evaluation process." *Id.* at 5. Third, Mr. Armstrong and Ms. Weiss negotiated a contingency fee agreement "that counsel could charge a fee not to exceed the 25% fee cap based on the total benefits withheld by the Administration for [services rendered in] federal court," and Mr. Armstrong states that he is only requesting approximately 18% of the total past-due benefits awarded to Plaintiff. *Id.* at 5 and Exhibit E.[2] Mr. Armstrong next notes that the results attained for Ms. Weiss were favorable because she "received all of the past due benefits claimed in her application as well as continuing monthly [] benefits that should have been paid to her since

---

[2]The Court notes, however, that Mr. Armstrong has already received $4,000.00 from funds withheld from Plaintiff's past-due benefits for legal services provided before the SSA (*see* **Memorandum in Support of Motion** *(Doc. 21)* at 2), and, therefore, if the Court awards Mr. Armstrong the $11,000.00 he is requesting here, he would actually recover almost 25% of Ms. Weiss' past-due benefits. This amount is still within the fee cap in the contingency fee agreement and the allowed 25% under 42 U.S.C. § 406(b)(1)(A).

4

September 2000." *Id.* at 6. Mr. Armstrong next provides support for his experience, reputation and ability. *Id.* at 6 and Exhibits F and G. In addition, Mr. Armstrong explains that the sum he is requesting "is in[]line with the fees awarded in cases involving similar circumstances to the present case" (*Id.* at 8), and cites cases awarding fees that translate to approximately $300.00 to $700.00 per hour. *Id.* at 6-7. Finally, Mr. Armstrong supports his fee request by noting that the amount is reasonable in light of assuming the risk of not being compensated for services rendered in this case. *Id.* at 8-9.

6.   I agree with counsel's support for why he should be awarded $11,000.00 under Section 406(b). Ms. Weiss' contingency fee contract does seem reasonable in light of Mr. Armstrong's skill, the quality of his representation, and the ultimate success of the case. In addition, the hourly rate for Mr. Armstrong would be around $400.00 per hour ($15,000.00 divided by 36.58 = $410.06). This is within the range of fees awarded by this Court in the past. *See, e.g., Montes v. Barnhart*, No. 01-CV-578 (D. N.M. 2004) (*Doc. 19* at 3 and *Doc. 22*) (fees awarded under Section 406(b) translated to $701.75 per hour ($10,000.00 divided by 14.25 = $701.75); *see also Faircloth v. Barnhart*, 398 F. Supp.2d 1169, 1173 (D. N.M. 2005) (compiling data on fees awarded in the District of New Mexico under Section 406(b)).

7.   In addition, if this recommendation is adopted, Plaintiff's counsel must refund the $5,669.90 received under the EAJA to Plaintiff. *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both [EAJA and Section 406(b)], but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" (citing Act of Aug. 5, 1985, Publ L. 99-80, § 3, 99 Stat. 183.)).

**IT IS HEREBY RECOMMENDED,** for the reasons stated above, that Plaintiff's *Motion for Order Authorizing Attorneys Fees Pursuant to 42 U.S.C. § 406(B)* (*Doc. 20*) be **GRANTED** and that the Court authorize **$11,000.00** as attorney fees to be paid from Plaintiff's withheld past-due benefits. If this recommendation is adopted, it is further recommended that Plaintiff's counsel be required to refund the **$5,669.90** received under the EAJA to Plaintiff.

*Lourdes A. Martínez*
_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**