IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MICHELE T. WEISS,**

        **Plaintiff,**

**v.**                                                                                                          **CIV-05-0422 JCH/LAM**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

        **Defendant.**

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION REGARDING AWARD OF ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(B)(1) *(Doc. 24)*

**THIS MATTER** is before the Court on Magistrate Judge Lourdes A. Martínez' *Proposed Findings and Recommended Disposition Regarding Award of Attorney Fees Pursuant to 42 U.S.C. § 406(B)(1)* (*Doc. 24*) (hereinafter "*PF&RD*") filed on June 13, 2008, which recommended granting the *Motion for Order Authorizing Attorneys Fees Pursuant to 42 U.S.C. § 406(B) (Doc. 20)* filed by Plaintiff's counsel, Mr. Armstrong, on March 19, 2008. On June 16, 2008, Ms. Weiss filed a document titled *Response to Motion (Doc. 25)* (hereinafter "*Objections*"),[1] in which she states that she is "representing herself." *See Objections* at 1. On June 23, 2008, Mr. Armstrong filed a *Reply to Plaintiff Michele Weiss' Response to Motion for an*

---

[1] Ms. Weiss titles this document as a response to her counsel's motion for Section 406(b) attorney fees, and she does not mention the Magistrate Judge's *PF&RD* which was filed three days earlier. If the Court were to construe this document as a response, it would be untimely under D.N.M. LR-Civ. 7.6(a). In her *Rebuttal to Reply to Plaintiff Michele Weiss' Response (Doc. 27)*, however, Ms. Weiss states that she is responding to Mr. Armstrong's *Reply to Plaintiff Michele Weiss' Response to Motion for an Order [sic] Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 26)* and "in part" to the Magistrate Judge's *PF&RD (Doc. 24)*. Since Mr. Armstrong and Ms. Weiss became adversaries when Mr. Armstrong sought payment for fees to which Ms. Weiss objected, the Court, in the interest of justice, will construe both of Ms. Weiss' submissions as objections to the Magistrate Judge's *PF&RD*. Construed as objections, they are timely under 28 U.S.C. § 636(b)(1).

*Order [sic] Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 26)* (hereinafter "***Response to Objections***"), and on June 30, 2008, Ms. Weiss filed a ***Rebuttal to Reply to Plaintiff Michele Weiss' Response*** *(Doc. 27)* (hereinafter "***Reply to Objections***").  The Court has conducted a *de novo* review of the ***PF&RD***, relevant portions of the record of this case and relevant law.  Having done so, the Court has determined that Ms. Weiss' ***Objections*** are without merit.  Accordingly, the Court will overrule Ms. Weiss' ***Objections*** and adopt the ***PF&RD***.

## BACKGROUND

Ms. Weiss states in her ***Objections*** that she learned of Mr. Armstrong's ***Motion for Order Authorizing Attorneys Fees Pursuant to 42 U.S.C. § 406(B)*** *(Doc. 20)* in May 2008, after calling the Social Security Administration (hereinafter "SSA").  *See **Objections** (Doc. 25)* at 2.  Ms. Weiss states that she objects to additional fees being paid to Mr. Armstrong because Mr. Armstrong delayed for over a year before requesting additional fees.  *Id.* at 3.  Ms. Weiss also asks "that no fees or expenses attributed to this U.S. District Court case be the responsibility of the Plaintiff."  *Id.*

In response, Mr. Armstrong states that "[t]he funds at issue were withheld by the Social Security Administration to pay attorney's fees pursuant to Ms. Weiss['] fee agreement contract with her attorney entered into pursuant to 42 U.S.C. § 406(b)."  *See **Response to Objections** (Doc. 26)* at 2.  Mr. Armstrong attaches a copy of that contract, dated November 3, 1998, which states that Ms. Weiss agrees to pay her attorney twenty-five percent of her past-due benefits if she is "awarded benefits in federal court or [is] awarded benefits by the Social Security Administration following a remand ordered by [the] federal court."  *Id.* at Exhibit A.  Mr. Armstrong states that he did not file a motion asking for attorney fees under Section 406(b) until March 19, 2008, because he did not receive a corrected Notice of Award from the Social Security Administration's Office of Central Operations until March 9, 2008.  *Id.* at 2 and Exhibit C.

In her ***Reply to Objections*** *(Doc. 27)*, Ms. Weiss states that she is responding to Mr. Armstrong's ***Response to Objections*** *(Doc. 26)* and "in part" to the Magistrate Judge's ***PF&RD*** *(Doc. 24)*. *See* ***Reply to Objections*** *(Doc. 27)* at 1. Ms. Weiss objects to Mr. Armstrong's request for Section 406(b) attorney fees because she claims that it "was not made clear or explained to" her that Mr. Armstrong would be seeking any money in addition to the $7,000.00 he requested from the SSA in his fee petition dated March 20, 2007. *Id.* at 2; *see also id.* at 4 ("Since October 2006, [Ms. Weiss'] understanding was [that] counsel could receive up to an additional $3000.00, making the grand total of the fees earned not more than $7000.00."). Ms. Weiss also restates her claim that Mr. Armstrong is not entitled to Section 406(b) attorney fees because he delayed in making a request to the Court for those fees. *Id.* at 2-4.

**DISCUSSION**

As explained in the ***PF&RD***, Section 406 (b)(1)(A) permits the Court to allow a reasonable fee to Plaintiff's counsel, not to exceed 25% of the past-due benefits awarded to the Plaintiff, which may be reduced where the attorney is responsible for delay, where the representation is substandard, or where the benefits are out of proportion to the amount of time counsel spent on the case. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 795, 808 (2002) (citation omitted).

*1.     Fee Agreement*

The Tenth Circuit explains that "[t]he touchstone of an award of attorney's fees under § 406(b) is whether the amount requested is reasonable, and the inquiry begins with the terms of the fee agreement." *See Hill v. Astrue*, No. 07-5009, 248 Fed. Appx. 923, 928, 2007 WL 2807863 (10th Cir. Sept. 25, 2007) (citing *Gisbrecht*, 535 U.S. at 807). In *Hill*, the 10th Circuit affirmed the district court's denial of Section 406(b) attorney fees because it found that the fee agreements between the client and attorney "were ambiguous and should be construed against" the attorney.

3

*See Hill*, 249 Fed. Appx. at 929. The fee agreements in *Hill* were found to be ambiguous because (1) they contained conflicting amounts of fees that the attorney could collect, and (2) it was unclear from the agreements that one was for work before the federal court and one was for work before the SSA. *Id.* at 927-28.

Here, Ms. Weiss signed two fee agreements, the first titled "Fee Agreement - Federal Court, Social Security Disability Benefits/Supplemental Security Income," for Mr. Armstrong's work in a federal court review of Ms. Weiss' social security case (*see **Response to Objections** (Doc. 26)* at Exhibit A, hereinafter "Federal Court Fee Agreement"); and the second titled "Fee Agreement Social Security/Supplemental Security Income Appeal," for Mr. Armstrong to represent her before the SSA (*see **Reply to Objections** (Doc. 27)* at Exhibit C, hereinafter "SSA Fee Agreement"). The fee at issue is the fee under the Federal Court Fee Agreement, in which Ms. Weiss agreed to pay Mr. Armstrong twenty-five percent (25%) of any past-due benefits awarded to her by the SSA after remand of her case by a federal court. *See* Federal Court Fee Agreement, ***Response to Objections (Doc. 26)*** at Exhibit A ("If I am awarded benefits in federal court or if I am awarded benefits by the Social Security Administration following a remand ordered by federal court in my case in which my attorney represented me, I agree to pay my attorney twenty-five percent (25%) of my and my family's past-due benefits.").

Even though Ms. Weiss states that it was not clear to her that Mr. Armstrong would be seeking any more than $7,000.00 in attorney fees, the Court finds that the fees Mr. Armstrong seeks are reasonable in light of the fee agreements Ms. Weiss signed. The Court finds nothing ambiguous or conflicting about the fee agreements. *See Harrison Western Corp. v. Gulf Oil Co.*, 662 F.2d 690, 695 (10th Cir. 1981) ("A contract is ambiguous only if it is reasonably and fairly susceptible of more than one meaning; the fact that the parties disagree as to the meaning does not establish the presence

of ambiguity.") (citations omitted).  The Court finds no support for Ms. Weiss' claim that the Federal Court Fee Agreement was superseded by the SSA Fee Agreement and/or the fee petition which Mr. Armstrong submitted to the SSA for $7,000.00 (*see Reply to Objections (Doc. 27)* at Exhibit D).[2]  Neither of these documents contain language stating that they supersede the Federal Court Fee Agreement.  In addition, the letters from Mr. Armstrong to Ms. Weiss stating that he intended to seek $7,000.00 in attorney fees (*id.* at Exhibits A and B) and the fee petition to the SSA for $7,000.00 (*id.* at Exhibit D), could not pertain to the Federal Court Fee Agreement because (1) they are all dated prior to the date of the Notice of Award (*see Response to Objections (Doc. 27)* at Exhibit B) which set forth the amount of past-due benefits Ms. Weiss would receive, and (2) the amount of attorney fees in the Federal Court Fee Agreement is predicated on the amount of past-due benefits Ms. Weiss receives.  Therefore, the Court finds that Mr. Armstrong is entitled to Section 406(b) fees under the Federal Court Fee Agreement signed by Ms. Weiss.

### 2. *Delay in Filing Motion for Section 406(b) Attorney Fees*

Ms. Weiss' contention that Mr. Armstrong delayed in seeking Section 406(b) attorney fees also fails.  Mr. Armstrong filed his motion for Section 406(b) attorney fees on March 19, 2008, which was a little over nine months of the issuance of the Notice of Award on July 3, 2007.  *See Response to Objections (Doc. 26))* at Exhibit B.  Mr. Armstrong states that he was delayed in filing his fee request because he thought that the amount the SSA stated it withheld for attorney fees was incorrect and that he did not receive a corrected notice from the SSA until March 9, 2008.  *See*

---

[2]It is not clear to the Court why Mr. Armstrong sought $7,000.00 from the SSA in the fee petition dated March 3, 2007, when both the SSA Fee Agreement and Section 406(a)(2)(A)(ii)(II) (as amended by 67 Fed. Reg. 2477-01, 2002 WL 58099, January 17, 2002) capped the amount of attorney fees Mr. Armstrong could receive for his work before the SSA at the lesser of $5,300.00 or twenty-five percent (25%) of Ms. Weiss' past-due benefits. Nevertheless, it appears that the SSA awarded Mr. Armstrong only $4,000.00 of these petitioned-for fees.  *See Reply to Objections (Doc. 27)* at Exhibit E.

***Response to Objections*** *(Doc. 26)* at 2.  However, Ms. Weiss attached an exhibit indicating that Mr. Armstrong was notified of the corrected amount on December 17, 2007.  *See **Reply to Objections** (Doc. 27)* at Exhibit E.  Nevertheless, the Court does not find that a three-month delay between receiving a corrected notice of award and filing a motion for attorney fees is grounds for denying Mr. Armstrong's motion for Section 406(b) attorney fees.[3]  The Court reviews Section 406(b) attorney fees awards to see if the attorney was responsible for a delay that resulted in the attorney profiting from the accumulation of benefits while the case is pending.  *See Gisbrecht*, 535 U.S. at 808 ("If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court.") (citation omitted).  Here, Ms. Weiss does not claim that Mr. Armstrong delayed her case before the SSA or the Court, only that he delayed in filing his motion for Section 406(b) attorney fees.  The Notice of Award set forth the total amount of past-due benefits owed to Ms. Weiss, and that amount provides the basis for the amount of available attorney fees under Section 406(b).  Therefore, delay in filing a motion for attorney fees does not result in any additional profit to Mr. Armstrong.  The Court finds that Ms. Weiss' claim that Mr. Armstrong is not entitled to Section 406(b) attorney fees because he delayed in filing his motion is without merit.

Finally, Ms. Weiss asks the Court that "no fees or expenses attributed to this U.S. District Court case be the responsibility of the Plaintiff."  *See **Objections** (Doc. 25)* at 3, and ***Reply to Objections*** *(Doc. 27)* at 5.  The Court notes that the filing fee in this case was paid on

---

[3]Ms. Weiss states that Mr. Armstrong delayed 14 months in filing his attorney fees motion based on a letter dated October 6, 2006, that he sent to her stating that he intended to petition for $7,000.00 in attorney fees if he was successful in her case.  *See **Reply to Objections** (Doc. 27)* at 2 and Exhibit A.  Again, Ms. Weiss appears to confuse the fee Mr. Armstrong sought for his representation of her before the SSA with the Section 406(b) fee he is currently seeking for his representation of her in federal court.  *See Gisbrecht v. Barnhart*, 535 U.S. at 794 ("[Section] 406(b) controls fees for representation in court.") (citing 20 C.F.R. § 404.1728(a) (2001)).

April 14, 2005, and the Court is unaware of any additional fees or expenses due in this case.

**IT IS THEREFORE ORDERED** that, to the extent Ms. Weiss' *Response to Motion (Doc. 25)* are objections to the ***Proposed Findings and Recommended Disposition Regarding Award of Attorney Fees Pursuant to 42 U.S.C. § 406(B)(1)*** (*Doc. 24*), they are **OVERRULED** and the ***Proposed Findings and Recommended Disposition Regarding Award of Attorney Fees Pursuant to 42 U.S.C. § 406(B)(1)*** (*Doc. 24*) are **ADOPTED** by the Court.

**IT IS FURTHER ORDERED** that Mr. Armstrong's ***Motion for Order Authorizing Attorneys Fees Pursuant to 42 U.S.C. § 406(B)*** (*Doc. 20*) is **GRANTED** and that Mr. Armstrong is awarded **$11,000.00** as attorney fees to be paid from Ms. Weiss' withheld past-due benefits.

**IT IS FURTHER ORDERED** that, **within five days of receipt of the $11,000.00 in attorney fees**, Mr. Armstrong shall refund the **$5,669.90** received under the EAJA to Ms. Weiss.

**IT IS SO ORDERED.**

_____
**HONORABLE JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE**